37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Kenneth Lee PAYTON, also known as Kenneth L. Willis,
Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5271.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1994.
 
 1
 Before: GUY and BATCHELDER, Circuit Judges, and McKEAGUE, District Judge.*
 
 ORDER
 
 2
 Kenneth Lee Payton appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1985, Payton pleaded guilty to armed bank robbery in violation of 18 U.S.C. Sec. 2113. The district court sentenced Payton to fourteen and one-half years of imprisonment.
 
 
 4
 In 1986, Payton filed a motion for reduction of sentence, requesting that his federal sentence be served concurrently with a state sentence. The district court denied the motion, concluding that it had no jurisdiction to order that a sentence be served concurrently with or consecutively to a state sentence.
 
 
 5
 In 1989, Payton filed a motion pursuant to 28 U.S.C. Sec. 2255 on the grounds that his plea resulted from threats by the government and his co-defendant, and that his lawyer did not tell him that restitution could be ordered. The district court denied Payton's motion. On appeal, this court concluded that Payton was neither threatened nor induced by others to plead guilty; however, the court concluded that the district court had improperly imposed restitution, because the district court had not considered Payton's financial condition when ordering restitution. Payton v. United States, Case No. 89-6348 (6th Cir. Dec. 7, 1990) (unpublished per curiam), cert. denied, 499 U.S. 967 (1981). On remand, the district court considered Payton's ability to pay and reduced the amount of restitution.
 
 
 6
 In 1993, Payton filed another motion to vacate sentence, alleging that he had not been competent to enter his guilty plea because he suffered from a recently discovered disease which caused brain damage as well as drug addiction. The district court concluded that Payton's present motion constituted an abuse of the writ and dismissed the case. Payton has filed a timely appeal.
 
 
 7
 Upon review, we conclude that the district court correctly dismissed Payton's motion to vacate as an abuse of the writ. Payton had a prior opportunity to raise his claims and he either deliberately abandoned those claims or, by inexcusable neglect, failed to raise the claims at the prior opportunity. McCleskey v. Zant, 499 U.S. 467, 489-93 (1991). Payton has not shown cause and prejudice to excuse his failure to raise his claims in his prior Sec. 2255 motion to vacate. Id. at 494-95. Nor has he shown that he is actually innocent of the crime so as to prevent a fundamental miscarriage of justice. Id.
 
 
 8
 Accordingly, we affirm the district court's judgment for the reasons set forth in the district court's memorandum opinion filed on February 4, 1994. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David W. McKeague, U.S. District Judge for the Western District of Michigan, sitting by designation